IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ELI SANDOVAL,

    Plaintiff,

vs.

RICHARD IVES and MARY MITCHELL,

    Defendants.

Case No. 3:17-cv-01214-JR

OPINION AND ORDER

AIKEN, Judge:

On February 20, 2018, Magistrate Judge Russo filed her Findings and Recommendation ("F&R"), recommending that I deny plaintiff Eli Sandoval's petition for a writ of habeas corpus and dismiss this case. The matter is now before me pursuant to 28 U.S.C § 636 and Federal Rule of Civil Procedure 72. I review *de novo* those portions of the F&R to which plaintiff filed objections. 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

Plaintiff argues that Judge Russo applied an incorrect standard of review. Plaintiff cites *Hamdi v. Rumsfeld*, 542 U.S. 507, 537 (2004), *Brown v. Fauver*, 819 F.2d 395, 399 n.4 (3d Cir. 1987), and BOP regulations in support of his argument that application of a "some evidence" burden of proof in a prison disciplinary proceeding deprives the prisoner of due process.

1 – OPINION AND ORDER

Plaintiff has conflated the burden of proof with the standard of review. The burden of proof describes the evidence the prison must produce in the disciplinary hearing. Plaintiff correctly notes that BOP regulations impose a preponderance-of-the-evidence standard in inmate disciplinary proceedings. *See* 28 U.S.C. § 541.7(e) ("The [disciplinary] decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence."). Plaintiff is also correct that application of a standard of less than a preponderance at the disciplinary hearing level would raise constitutional concerns because it would mean "an inmate can be punished for acts which he in all probability did not commit." *Brown*, 819 F.2d at 399 n.4.

But there is a difference between the *burden of proof* at the hearing level and the *standard of review* applied by a reviewing court. The Supreme Court has squarely held that the "some evidence" *standard of review* complies with due process in the context of reviewing prison disciplinary decisions resulting in the loss of good time credits. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56; *see also Hamdi*, 542 U.S. at 537 (explaining the difference between burden of proof and standard of review, and noting that the Supreme Court has never endorsed a "some evidence" *burden of proof* as constitutionally sound). Judge Russo correctly applied the "some evidence" standard of review.

Plaintiff also argues that *no* evidence in the record supports the finding that he violated the rule against possessing medications not prescribed to him. Plaintiff concedes he admitted to possessing the drugs, but contends that his admission was not reliable because he made it under coercive circumstances. Plaintiff's admission, even though made "on the spot" and in front of other inmates, satisfies the "some evidence" standard of review. The prison was under no obligation to perform testing on the drugs when plaintiff had already admitted to the violation.

I ADOPT Judge Coffin's F&R (doc. 18). Plaintiff's petition for a writ of habeas corpus is DENIED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 15 day of May 2018.

/s/ Ann Aiken
Ann Aiken
United States District Judge